IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01930-RM-MJW

DANIEL LYSYJ and
DAVID RHOADS,
on behalf of themselves and others similarly situated,

Plaintiff(s),

v.

MILNER DISTRIBUTION ALLIANCE, INC., d/b/a Maxx Sunglasses,
a Colorado corporation,

Defendant(s).

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiffs' Motion to Amend Complaint to Join Nancy
Milner and Richard Milner as Individual Defendants (docket no. 76) is GRANTED for the
following reasons.

It is FURTHER ORDERED that Plaintiffs' Second Motion to Amend Complaint to
Join Opt-In Plaintiffs as Named Parties and Include Claims for All Nonexempt Work
Performed by Plaintiffs (docket no. 81) is GRANTED for the following reasons.

It is FURTHER ORDERED that Plaintiffs shall file their Amended Complaint on or
before May 27, 2014, which shall include all Plaintiffs outlined in docket nos. 76 and 81
and overtime claims for all non-exempt work performed by Plaintiffs and Opt-In
Plaintiffs.

The court finds that both under Fed. R. Civ. P. 15(a) and 20(a)(1)(B) the subject
motions (docket no. 76 and 81) should be granted.  There are now only twelve Opt-In
Plaintiffs who remain, noting that six Opt-In Plaintiffs have consents to withdraw [i.e.,
Campbell, Grainger, K. Martin, Salazar, Roberts, and Tennant].  As to the twelve
remaining Opt-In Plaintiffs, there are approximately five Opt-In Plaintiffs who may be
subject to arbitration.  There is pending Defendant's Motion to Compel Arbitration and to
Stay Proceedings (docket no. 95) before Judge Moore.  Allowing this amendment to the
Complaint would not "usurp" the certification process but instead would eliminate it, and
there would be no need to proceed any further with a representation action under
Section 216(b).  None of the parties would be prejudiced by this amendment to
Complaint since discovery of the Opt-In Plaintiffs has been taking place through

discovery, and Defendant would not be prejudiced if this action is converted from a representation action to an ordinary civil action with multiple plaintiffs.   Furthermore, allowing the amendment to the Complaint as requested by Plaintiffs in the subject motion (docket no. 81) would eliminate any need for a decertification hearing.  In addition, to allow the Complaint to be amended to include overtime claims for all non-exempt work performed by Plaintiffs and Opt-In Plaintiffs is appropriate in order to address all claims in one lawsuit concerning all Plaintiffs.

The court notes that the motions were filed shortly after the deadline for amendment of pleadings and joinder of parties, and thus this court has applied the following analysis in deciding whether to allow the amendments:

Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that the plaintiffs have satisfied this first step in the analysis and have established good cause to extend the deadline within which they may seek leave to amend the Complaint.

The second step is consideration of whether the plaintiffs have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

3

Id. at 669 (citation omitted).  Based upon this standard, this court finds that the proposed amendments should be permitted.

For these reasons, both subject motions (docket nos. 76 and 81) should be granted.  The operative pleading will be the Amended Complaint once filed by Plaintiffs.

Date: May 20, 2014 _____