IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01930-RM-MJW

DANIEL LYSYJ,
DAVID RHOADS,
RICH AULICH,
SHANNON DOLCE,
LONNIE ENDERLE,
JASON JACOBS,
SARA KRUEGER,
ANDY MARTIN,
BRENT MCDANIEL,
MARC MOHR,
JONATHAN PANURE, and
BOGDAN PETRESCU,

Plaintiff(s),

v.

MILNER DISTRIBUTION ALLIANCE, INC., d/b/a Maxx Sunglasses,
a Colorado corporation,
NANCY MILNER, Individually, and
RICHARD MILNER, Individually,

Defendant(s).

---

## ORDER REGARDING

### (1) PLAINTIFFS' MOTION TO AMEND COMPLAINT TO JOIN DEREK SMITH AS A PLAINTIFF (DOCKET NO. 117);

### (2) PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37 FOR WITHHOLDING RELEVANT EVIDENCE, FOR FAILURE TO PRODUCE NON-PRIVILEGED DOCUMENTS PURSUANT TO F.R.C.P [SIC] 34 AND F.R.C.P. [SIC] 26a (DOCKET NO. 99);

### (3) PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER FOR GOOD CAUSE (DOCKET NO. 118);

### and

### (4) DEFENDANTS' MOTION TO STRIKE IMPROPER AND UNTIMELY OPT-IN

2

## CONSENT FORM OF DEREK SMITH (DOCKET NO. 126)

**Entered by Magistrate Judge Michael J. Watanabe**

This case is before the undersigned pursuant to an Order Referring Case issued

by Judge Raymond P. Moore on July 19, 2013 (docket no. 4).  Now before the court are

the following four motions: (1) Plaintiffs' Motion to Amend Complaint to Join Derek

Smith as a Plaintiff (docket no. 117), (2) Plaintiff's Motion to Compel and for Sanctions

Pursuant to Fed. R. Civ. P. 37 for Withholding Relevant Evidence, for Failure to

Produce Non-Privileged Documents Pursuant to F.R.C.P. 34 and F.R.C.P. 26a (docket

no. 99), (3) Plaintiffs' Motion to Modify the Scheduling Order for Good Cause (docket

no. 118), and (4) Defendants' Motion to Strike Improper and Untimely Opt-In Consent

Form of Derek Smith (Docket No. 119) (docket no. 126).  The court has carefully

considered these motions (docket nos. 117, 99, 118, and 126), Defendants' response to

the first motion (docket no. 113), and Plaintiffs' reply thereto (docket no. 121), as well as

applicable Federal Rules of Civil Procedure and case law.  In addition, the court has

taken judicial notice of the court file.  The court now being fully informed makes the

following findings, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

On July 19, 2013, the Complaint was filed in this court.  See docket no. 1.

On September 24, 2013, this court entered a Scheduling Order.  This case

began as a collective action case but is no longer a collective action case.  Instead, this

case can now be classified as a multiple plaintiffs case.  In the Scheduling Order

(docket no. 29), the parties were given until 60 days after the Notice was sent to the

putative class to amend the pleadings or join additional parties.  See paragraph 9 a. in

the Scheduling Order (docket no. 29).

On September 10, 2013, Plaintiffs filed their Motion to Certify Conditionally a

Collective Action Under the Fair Labor Standards Act 29 U.S.C. § 216(b) and for Court

Assisted Notice Under Authority of *Sperling v. Hoffman La Roche*, 493 U.S. 165, 169

(1989) (docket no. 7).  On September 27, 2013, Defendant filed a Motion to Stay

Proceedings and Compel Arbitration as to Plaintiff Daniel Lysyj only (docket no. 31).  On

January 24, 2014, Judge Moore entered his Order regarding docket no. 31.  In his

Order (docket no. 51), Judge Moore entered the following Order: (1) Plaintiffs' Motion to

Certify Class (docket no. 7) is GRANTED; (2) Defendant's Motion to Compel Arbitration

(docket no. 31) is GRANTED; (3) The claims of Mr. Lysyj are STAYED pending

arbitration; and (4) The fee-splitting provision in the arbitration agreement is hereby

STRICKEN.

On January 27, 2014, this court conducted a telephone status conference.  At

this conference, this court ordered that Defendant provide the names and addresses of

those members as defined by Judge Moore's Order (docket no. 51) to Plaintiffs on or

before February 10, 2014.  In addition, this court set a further telephone status

conference on April 7, 2114 at 10:30 a.m.  See docket no. 52.

On April 7, 2014, this court conducted another telephone status conference.  At

this conference, this court entered the following ORDERS:

a.      That the Motion to Withdraw Consents to Join Filed by Debra Grainger

4

and Floyd Roberts (docket no. 72) is GRANTED.  Consent forms for

Grainger and Roberts (docket nos. 60 and 57) were WITHDRAWN;

b.      That on or before April 25, 2014, Defendant shall provide Plaintiffs the

Time and Pay Records for the approximately 11 to 18 Opt-in Plaintiffs;

c.      That on or before April 25, 2014, Defendant shall provide to Plaintiffs any

Supplemental Time and Pay Records as to Plaintiff David Rhoads;

d.      That on or before April 11, 2014, parties shall file a Stipulation as to the

three known Opt-in Plaintiffs who are subject to an arbitration agreement

and the previous order entered by Judge Moore.  It is not certain at this

time if one other Opt-in Plaintiff may be subject to an arbitration

agreement and the previous order entered by Judge Moore.  On or before

April 16, 2014, parties shall file any appropriate Stipulation as to that one

Opt-in Plaintiff;

e.      That Defendant's Oral Motion is GRANTED.  The Scheduling Order

(docket no. 29, filed September 24, 2013) is amended to allow Defendant

additional depositions of the Opt-in Plaintiffs; and,

f.      That a telephone status conference is set May 27, 2014 at 11:00 a.m.

(Mountain Time).

On April 10, 2014, the parties filed with the court a Stipulation Concerning Stay of

Proceedings and Arbitration of Claims of Rich Aulich, Sonny Berry and Brent McDaniel

(docket no. 77).

On April 16, 2014, Plaintiffs filed with the court a Notice of Plaintiffs' Position Re:

Stipulation for Arbitration (docket no.  80).  In this Notice, Plaintiffs argue that Opt-in

5

Plaintiff Shannon Dolce cannot deposit the amount of money that the Judicial Arbiter Group is requiring before the arbitration can take place.  Thus, Plaintiffs argue that Ms. Doce is prevented from vindicating her statutory right to overtime compensation under the Fair Labor Standards Act, and therefore the arbitration agreement is unenforceable as to Ms. Doce.  In support of this position, Plaintiffs cite Shankle v. B-G Maint. Mgmt. of Colo., Inc., 163 F.3d, 1230, 1234 (10th Cir. 1999); *see also* Daugherty v. Encana Oil & Gas, Inc., Civil Action No. 10-cv-02272-WJM-KLM, 2011 U.S. Dist. LEXIS 76802, at *28 (D. Colo. July 15, 2011).

On April 23, 2014, this court granted the Unopposed Motion to Withdraw Consents to Join Filed by MacKenzie Campbell and Kelli Martin (docket no. 83). Written consents (docket nos. 62 and 68) for MacKenzie and Martin were WITHDRAWN.  See docket no. 85.

On April 24, 2014, this court granted the Unopposed Motion to Withdraw Consent to Join Filed by Jan Salazar (docket no. 88).  Written consent (docket no. 61) for Salazar was WITHDRAWN.  See docket no. 91.

On May 1, 2014, Defendant filed with the court a Motion to Stay Proceedings and Compel Arbitration as to Opt-In Plaintiffs, Shannon Dolce and John Andrew Martin, Pursuant to Section 3 of the Federal Arbitration Act (docket no. 95).

On May 13, 2014, Defendant filed with the court a Motion to Stay Proceedings and Compel Arbitration as to Opt-In Plaintiff, Ashley Welsh, Pursuant to Section 3 of the Federal Arbitration Act (docket no. 106).

On May 13, 2014, Defendant filed with the court a Motion to Stay Proceedings and Compel Arbitration as to Opt-In Plaintiff, Jason Jacobs, Pursuant to Section 3 of the

Federal Arbitration Act (docket no. 107).

On May 27, 2014, this court conducted a telephone status conference.  At this conference this court entered the following ORDER:

That the Scheduling Order (docket no. 29) was amended as follows:

- Discovery completion deadline is September 30, 2014.

- Dispositive Motion deadline is October 30, 2014.

- Each side shall be limited to two (2) expert witnesses without leave of court.

- Parties shall designate experts on or before August 1, 2014.

- Parties shall designate rebuttal experts on or before September 2, 2014.

- The disclosure of experts shall be consistent with Fed. R. Civ. P. 26(a)(2)(B).

- Final Pretrial Conference set on December 15, 2014 at 10:00 a.m. Mountain Time.

- The proposed Final Pretrial Order shall be filed on or before December 8, 2014.   See docket no. 114.

On May 28, 2014, Judge Moore entered a minute order setting pending motions for hearing on June 25, 2014, at 1:00 p.m.   See docket no. 116.

## ANALYSIS

This court begins its analysis with a look at D.C.COLO.LCivR 7.1(d).  In pertinent part, Local Rule 7.1(d) states: ". . . Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."

7

In this case, the Plaintiffs' Motion to Amend Complaint to Join Derek Smith as

a Plaintiff (docket no. 117) is made after the deadline for amendment of pleadings,

and thus this court has applied the following analysis in deciding whether to allow the

amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the
> scheduling order deadline, a "two-step analysis" is required.  Once a
> scheduling order's deadline for amendment has passed, a movant must
> first demonstrate to the court that it has "good cause" for seeking
> modification of the scheduling deadline under Rule 16(b).  If the movant
> satisfies Rule 16(b)'s "good cause" standard, it must then pass the
> requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more
> lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on
> the bad faith of the movant, or the prejudice to the opposing party.
> Rather, it focuses on the diligence of the party seeking leave to modify
> the scheduling order to permit the proposed amendment.  Properly
> construed, "good cause" means that the scheduling deadlines cannot be
> met despite a party's diligent efforts.  In other words, this court may
> "modify the schedule on a showing of good cause if [the deadline]
> cannot be met despite the diligence of the party seeking the extension."
> Carelessness is not compatible with a finding of diligence and offers no
> reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations

and citations omitted).  This court finds that the Plaintiffs have satisfied this first step

in the analysis and have established good cause to extend the deadline within which

they may seek leave to amend the complaint.

The second step is consideration of whether the Plaintiffs have satisfied the

standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when
> justice so requires."  Refusing leave to amend is generally only justified
> upon a showing of undue delay, undue prejudice to the opposing party,
> bad faith or dilatory motive, failure to cure deficiencies by amendments
> previously allowed, or futility of amendment.

Id. at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the motion to amend (docket no. 117), this court finds that the proposed amendments should be permitted.  The court notes that the discovery cut-off date is September 30, 2014, the dispositive motion deadline is October 30, 2014, the final pretrial conference is set on December 15, 2014, and no trial date has been set in this matter.  See docket no. 114.  In the event the parties believe that additional discovery is warranted in light of these amendments, they may move to extend even further the discovery cut-off date for a reasonable period and to alter any other deadlines.  Id.  Thus, any prejudice that might arise from these amendments is capable of being cured.  Id.

The Plaintiff's Motion to Compel and for Sanctions Pursuant to Fed. R. Civ. P. 37 for Withholding Relevant Evidence, for Failure to Produce Non-Privileged Documents Pursuant to F.R.C.P [sic] 34 and F.R.C.P [sic] 26a (docket no. 99) seeks an Order from this court directing Defendants to provide to Plaintiffs Time and Pay Records for Daniel Lysyj, Rich Aulich, Shannon Dolce, Jason Jacobs, Andy Martin, Brent McDaniel, Michelle Tennent, and Ashley Weish.  Defendants argue that Daniel Lysyj, Rich Aulich, Sonny Berry, and Brent McDaniel are required to arbitrate their claims pursuant to Judge Moore's Order (docket no. 51) and the written Stipulation (docket no. 77), and therefore this court does not have jurisdiction over these defendants. Defendants further argue that such information concerning these defendants is irrelevant to the claims that remain in this lawsuit.  In addition, Defendants assert that Shannon Dolce, John Andrew Martin, Ashley Weish, and Jason Jacobs are all subject to similar arbitration agreements, and Defendants have filed Motions to Stay

Proceedings and Compel Arbitration as to Opt-In Plaintiffs Shannon Dolce, John

Andrew Martin, Ashley Weish, and Jason Jacobs.  See docket nos. 95, 106 and 107.

It should be noted that Judge Moore has set the Motions to Stay Proceedings and

Compel Arbitration as to Opt-In Plaintiffs Shannon Dolce, John Andrew Martin,

Ashley Weish, and Jason Jacobs (docket nos. 95, 106 and 107) for hearing on

June 25, 2014, at 1:00 p.m.  See docket no. 116.  As to Michelle Tennent, Defendants

argue that they provided to Plaintiffs Michelle Tennent's Time and Pay Records on

April 23, 2014.  Plaintiffs argue that the Time and Pay Records for Michelle Tennent

were incomplete, but in the subject motion (docket no. 99), Plaintiffs do not

specifically detail how such Time and Pay Records are incomplete.

Here, the court finds that the Time and Pay Records of any of the Opt-In

Plaintiffs who are subject to arbitration agreements are not relevant to the claims

remaining in this case, noting that this case is no longer a collective action case but

simply a multiple-plaintiff case.  Lastly, the court finds that if Judge Moore denies the

pending Motions to Stay Proceedings and Compel Arbitration as to Opt-In Plaintiffs

Shannon Dolce, John Andrew Martin, Ashley Weish, and Jason Jacobs (docket nos.

95, 106 and 107), then Plaintiffs may renew their Motion to Compel as to these opt-in

plaintiffs.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court ORDERS:

       1.    That Plaintiffs' Motion to Amend Complaint to Join Derek Smith as a

Plaintiff (docket no. 117) is **GRANTED**.  On or before June 24, 2014, Plaintiffs shall file their Amended Complaint with the court adding Derek Smith as a Plaintiff;

2.  That Defendants' Motion to Strike Improper and Untimely Opt-In Consent Form of Derek Smith (Docket No. 119) (docket no. 126) is **DENIED**;

3.  That Plaintiff's Motion to Compel and for Sanctions Pursuant to Fed. R. Civ. P. 37 for Withholding Relevant Evidence, for Failure to Produce Non-Privileged Documents Pursuant to F.R.C.P [sic] 34 and F.R.C.P [sic] 26a (docket no. 99) is **DENIED WITHOUT PREJUDICE**.  If Judge Moore denies the pending Motions to Stay Proceedings and Compel Arbitration as to Opt-In Plaintiffs Shannon Dolce, John Andrew Martin, Ashley Weish, and Jason Jacobs (docket nos. 95, 106 and 107), then Plaintiffs may renew their Motion to Compel.  That as to the Time and Pay Records for Michelle Tennent, the parties shall immediately meet, confer, and discuss, *in person*, what specific Time and Pay Records may not have been turned over;

4.  That Plaintiffs' Motion to Modify the Scheduling Order for Good Cause (docket no. 118) is **GRANTED**.  The deadline to add additional parties outlined in paragraph 9 a. in the Scheduling Order (docket no. 29) is extended to the date of this ORDER so that Derek

11

Smith may be added as a named Plaintiff; and,

5.      That each party shall pay their own attorney fees and costs for these

motions.

Done this 12th day of June 2014.

BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE