IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01930-RM-MJW

DANIEL LYSYJ,
DAVID RHOADS,
RICH AULICH,
SHANNON DOLCE,
LONNIE ENDERLE,
JASON JACOBS,
SARA KRUEGER,
ANDY MARTIN,
BRENT McDANIEL,
MARC MOHR,
JONATHAN PANURE,
BOGDAN PETRESCU, and
DEREK SMITH,

Plaintiffs,

v.

MILNER DISTRIBUTION ALLIANCE, INC., d/b/a Maxx Sunglasses,
a Colorado corporation,

Defendant.

---

## MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby **ORDERED** that Plaintiffs' Motion for Leave to Proceed Against Individual Defendants Nancy Milner and Richard Milner (docket no. 160) is **GRANTED** for the reasons stated below.  The previous **ORDER** staying this case between Plaintiff and the Defendants Nancy Milner and Richard Milner (see docket no. 159) is **VACATED.**  The § 362 stay remains in effect against Defendant Milner Distribution Alliance, Inc., d/b/a Maxx Sunglasses [hereinafter Maxx Sunglasses].

     On September 23, 2014, Defendant Maxx Sunglasses, a Colorado corporation, filed a Voluntary Petition in Bankruptcy in the U.S. Bankruptcy Court for the District of Colorado Case No. 14-22962-SBB.  See exhibit No. 1 attached to the subject motion (docket no. 160).  There is no evidence that the individual Co-Defendants Nancy Milner and Richard Milner filed for bankruptcy.  In Case no. 14-22962-SBB, the Bankruptcy Court entered an automatic stay pursuant to 11 U.S.C. § 362(a)(1) as to Defendant Maxx Sunglasses **ONLY.**  The automatic stay applies only to Defendant Maxx

2

Sunglasses since it is the only debtor listed in the bankruptcy petition. See Chung v. New Silver Palace Rest., Inc., 246 F. Supp.2d 220, 226 (S.D.N.Y. 2002) (holding in a FLSA case that "[t]he automatic stay imposed by section 362(a)(1) of the Bankruptcy Code, 11 U.S.C. 362(a)(1) affects only The New Silver Palace, Inc.; it does not apply to plaintiff's claims against the restaurant's non-debtor co-defendants.").

Defendants Nancy Milner and Richard Milner individually argue that this court should continue to stay this case against them for judicial economy reasons and because an adversary proceeding is pending in the above bankruptcy case. On October 8, 2014, Defendant Maxx Sunglasses filed its adversary complaint wherein it seeks to enjoin Plaintiffs from proceeding with their claims against Nancy and Richard Milner individually because Defendant Maxx Sunglasses has an unlimited and unconditional contractual obligation, pursuant to its by-laws, to fully indemnify Co-Defendants Nancy and Richard Milner as to claims against them in their capacities as officers of Defendant Maxx Sunglasses. However, only the bankruptcy court, on application from the debtor, may extend the stay to non-debtors, and the U.S. District Court does not have the authority to extend the automatic stay. See Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC, 2014 WL 2611547, at * (S.D. Ala. June 11, 2014) (explaining that a review of relevant case law found that the bankruptcy court, rather than the district court, was the appropriate place for determining whether 'unusual circumstances' warranted extending the automatic stay to non-debtors.). Accordingly, the automatic stay cannot be extended by this court, and the debtor (i.e., Maxx Sunglasses) needs to follow the proper procedure and seek such relief from the U.S. Bankruptcy Court for the District of Colorado in Case No. 14-22962.

Date: October 20, 2014